**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GUILLERMO ALI RAMIREZ,

Petitioner

v.

JASON KNIGHT, et al.,

Respondents

Case No.: 2:26-cv-02405-APG-BNW

**Order Granting (1) Petition for Leave to Proceed in Forma Pauperis and (2) Habeas Corpus Petition as Unopposed**

[ECF Nos. 7, 8]

Petitioner Guillermo Ali Ramirez is a citizen of Nicaragua who is currently in the custody of the United States Immigration and Customs Enforcement (ICE). He filed a petition for a writ of habeas corpus requesting his release or alternatively an individualized bond hearing. ECF No. 8. The respondents' response consists of nothing beyond a non-opposition to Ramirez receiving a bond hearing in light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026). ECF No. 10 at 1. The respondents did not address Ramirez's claims on the merits nor argue why he should not be released. I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted). Release is the appropriate remedy because Ramirez has a strong liberty interest to be free from arbitrary detention, and the government has not opposed his petition. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). I therefore grant the petition as unopposed and order his release.

I THEREFORE ORDER that petitioner Guillermo Ali Ramirez's motion for application to proceed in forma pauperis **(ECF No. 7) is GRANTED**.

I FURTHER ORDER that petitioner Guillermo Ali Ramirez's amended petition for a writ of habeas corpus **(ECF No. 8) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release petitioner Guillermo Ali Ramirez's from the custody of the Nevada Southern Detention Center on Monday, September 14, 2026 no later than 1:00 p.m. The respondents must transport Ramirez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Ramirez's counsel of the estimated time of release for coordination purposes.

I FURTHER ORDER that the respondents return all of Ramirez's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Ramirez during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate, pursuant to 8 C.F.R. § 236.1(d)(1). The respondents must give adequate notice to Ramirez of the hearing.

I FURTHER ORDER the clerk of court to close this case.

DATED this 11th day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE